UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>       v.<br><br>**WEI CHIN**,<br><br>              Defendant. | Criminal No. 08-112-M |

**DETENTION MEMORANDUM**

The Defendant, Wei Chin, has been charged by criminal complaint with knowingly attempting to persuade, induce entice or coerce a person under eighteen years of age to engage in sexual activity by using a facility which affected interstate commerce, in violation of 18 U.S.C. § 2422(b).  A preliminary and detention hearing was held on February 21, 2008.  At the conclusion of the detention hearing, the Court found that the Defendant should be held without bond.  This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**<u>Findings of Fact</u>**

At the detention hearing, Detective Jonathan Andrews, an officer with the Internet Crimes Task Force and Human Trafficking Units testified for the Government.  Detective Andrews testified that between June 6, 2007 and February 15, 2008, an individual later identified as the

Defendant engaged in conversations in the Yahoo Romance chat rooms using the screen names "Juicy Pink" and "Wei Chin." During this time period, he engaged in numerous conversations with a person using the screen name "Mandy Poole." "Mandy Poole," who identified herself as a fourteen year old female, was actually Detective Timothy Palchak of the Metropolitan Police Department. The person using the screen names "Juicy Pink" and "Wei Chin" provided "Mandy" with a cellular phone number that was traced to Defendant.

During the course of these conversations, Defendant and "Mandy Poole" engaged in sexually explicit discussions. When "Mandy" expressed concerns about getting pregnant if she was to have intercourse, Defendant indicated that she should not worry because he had condoms. "Mandy" asked if Defendant would stop having sex with her in the event that it hurt her and Defendant replied that "of course" he would. Defendant suggested that the pair "go to a small hotel." They eventually agreed to meet on February 15, 2008 on the 100 block of Franklin Street, N.E., Washington, D.C. Defendant informed "Mandy" that he would be driving a black, four-door Sedan.

On February 15, 2008, Defendant arrived at the 100 block of Franklin Street, N.E. driving a black, four-door Honda Civic and was arrested during a felony stop. Recovered from his vehicle were papers bearing his wife's name and receipts bearing his name. Officers located one bag that contained condoms, handcuffs, and dildos and another bag that contained a laptop computer and rope. Officers found plastic sheeting in the trunk, which Officer Andrews testified could be used to dispose of evidence at a crime scene. Finally, officers located a baseball cap, which is relevant because Defendant told "Mandy" that he would bring her a hat to make her look older.

**Discussion**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, provides, in pertinent part, that if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person . . . [or] the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Danger to the community alone is a sufficient basis upon which to order pretrial detention, if the judicial officer finds by clear and convincing evidence that Defendant's pretrial release would constitute an unreasonable risk of danger to the community. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986). Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of Defendant as required, it has the burden of establishing by a preponderance of the evidence that the Defendant will flee before trial if released. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." *United States v. Westbrook* , 780 F.2d 1185, 1188-89 (5th Cir. 1986).

Here, the government seeks pre-trial detention on the grounds that the Defendant poses a danger to the community and a risk of flight. In determining whether there are conditions of release which will reasonably assure the safety of the community and the presence of the Defendant, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the

community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. *See* 18 U.S.C. §3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant is charged with using a Yahoo chat room to entice a person that he believed to be a fourteen year old girl to meet him in person for the purpose of engaging sexual activity. He exhibited a willingness to meet this girl in person and the evidence suggests that he intended to engage in sexual relations with her.

The second factor, the weight of the evidence, also favors detention. The chat room conversations, introduced as Government Exhibit 1 at the detention hearing, memorializes statements that Defendant made to "Mandy" regarding sexual conduct. Additionally, Defendant was arrested when he went to meet "Mandy" at a prearranged location and time and his car contained all of the equipment necessary to engage in illicit sexual activity.

The third factor, the history and characteristics of the Defendant, also supports pretrial detention. Defendant is a Chinese national, and although he is in the United States on a work visa he appears to be unemployed. Overall he has minimal contacts to the D.C. metropolitan area.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. Defendant arrived to meet "Mandy" carrying condoms, rope, and handcuffs, all of which suggests that this was not to be an innocent encounter. His conduct offers the Court no comfort that, if released, he would not attempt to engage in similar conduct with other young females.

**Conclusion**

Based upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions can be imposed that would assure the safety of the community, and further finds by a preponderance of the evidence that no condition or combination of conditions can be imposed that would assure that Defendant's presence at trial.  Therefore, the government's motion for pretrial detention is granted and the Defendant is to be held without bond pending further actions of this court.

Dated: February 22 , 2008                               /s/
                                                ALAN KAY
                                                UNITED STATES MAGISTRATE JUDGE