UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 1:08-CR-124 (HHK) |
| | : | |
| v. | : | |
| | : | VIOLATION: 18 U.S.C. § 2423(b) |
| WEI CHIN, | : | (Interstate Travel to Engage in |
| Defendant. | : | Illicit Sexual Conduct) |

### UNITED STATES' MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing, recommending that the Court sentence the defendant, Wei Chin, to a 46 month term of imprisonment – which is at the low end of the applicable guideline range. In addition, the government recommends that the Court impose the special conditions of supervised release set forth in paragraph 65 of the Presentence Investigation Report to help ensure the safety of the community upon the defendant's release following such incarceration. In support thereof, the United States respectfully states the following:

### Background

1. The defendant's actions pertaining to this plea agreement are set forth in the proffer of evidence accepted by the defendant in court on May 7, 2008.

2. In summary, at various times in 2007 and 2008, Detective Timothy Palchak, who is a member of the Metropolitan Police Department and Federal Bureau of Investigation "Innocent Images" Task Force, was acting in an undercover capacity and posing as a 14 year-old female while using Yahoo's Instant Messenger service. Detective Palchak was posing under the screen name "Mandy Poole."

3. In this undercover capacity, Detective Palchak began chatting with the defendant, who was using the screen names "Wei Chin" and "Juicy Pink," and had multiple Instant Messenger conversations with him between June 2007 and February 2008.

4. On February 14, 2008, the defendant, using the screen name "Wei Chi," agreed to engage in sexual intercourse with the fictitious 14 year-old "Mandy". The defendant stated, "we will go to a small hotel if u are ok with it." When Detective Palchak asked the defendant if he would use condoms because she did not want "to get into any trouble," the defendant responded, "sure! I got everything".

5. On February 15, 2008, the defendant made arrangements to meet "Mandy" that day in the 100 block of Franklin Street, N.E., Washington, D.C., at 4:30 p.m. The defendant informed "Mandy" that he would be driving a 4-door black Sedan.

6. The defendant subsequently drove a black 4-door Honda Civic from the State of Maryland to this pre-arranged meeting place in Washington, D.C. When he arrived at this location at approximately the pre-arranged meeting time, he was stopped and placed under arrest. During a subsequent search of the Honda Civic, law enforcement officials recovered, among other things, a bag containing several condoms, two pairs of handcuffs, and two dildos.

7. The defendant identified himself to law enforcement as Wei Chin and provided a driver's license with that name. The defendant was born on August 13, 1970.

**Statutory Penalties**

8. Pursuant to 18 U.S.C. §§ 2423(b) and 3571(b)(3), the defendant faces a maximum penalty of 30 years imprisonment, a fine of up to $250,000, or both. See PSR ¶¶ 56, 70.

**Sentencing Guidelines**

9.  The Federal Sentencing Guidelines calculation embodied in the Presentence Report (PSR) places the defendant's base offense level at 24.  <u>See</u> PSR ¶ 18.  The PSR includes a 2-point Specific Offense Characteristic increase because the offense involved the use of a computer to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct.  <u>See</u> PSR ¶ 19.  The PSR also correctly affords the defendant a 3-point reduction in his guidelines calculation for acceptance of responsibility, which diminishes his total offense level to 23.  <u>See</u> PSR ¶ 25.  The PSR calculates the defendant's criminal history category as I, because he has no prior convictions.  <u>See</u> PSR ¶ 29.  Accordingly, based on a total offense level of 23 and a criminal history category of I, the Guidelines range for the defendant is 46 to 57 months of imprisonment.  <u>See</u> PSR ¶ 57.

**<u>Sentencing Recommendation</u>**

10.  The government recommends that the Court impose a 46 month term of imprisonment – which is at the low end of the applicable guideline range.

11.  When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in Title 18 United States Code, Section 3553(a).  <u>See</u> <u>United States v. Gall</u>, _____ U.S. _____, 2007 WL 4292116, at *7 (December 10, 2007).  These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" (18 U.S.C. § 3553(a)(1)); the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment (18 U.S.C. § 3553(a)(2), the Sentencing Guidelines and related Sentencing Commission policy statements (18 U.S.C. § 3553(a)(4) and (a)(5)); and the need to avoid unwarranted sentence disparities (18 U.S.C. § 3553(a)(6)).

12. In <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). As a consequence, the Court invalidated the statutory provision that made the Guidelines mandatory, Title 18, United States Code, Section 3553(b)(1). <u>Booker</u>, 125 S. Ct. at 756. Nonetheless, a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. <u>See</u> <u>United States v. Gall</u>, ___ U.S. ___, 2007 WL 4292116, at *7 (December 10, 2007) ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark"). The Guidelines are the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions. <u>See</u> <u>United States v. Rita</u>, ___ U.S. ___, 127 S.Ct. 2456 (2007). <u>See also</u> United States Sentencing Comm'n, <u>Supplementary Report on the Initial Guidelines and Policy Statements</u> 16-17 (1987); <u>see</u> <u>also</u> 28 U.S.C. § 994(m) (requiring Commission to "ascertain the average sentences imposed . . . prior to the creation of the Commission"); Comprehensive Crime Control Act of 1984, S. Rep. No. 98-225, at 168 (Commission should produce a "complete set of guidelines that covers in one manner or another all important variations that commonly may be expected in criminal cases"). In addition, the Sentencing Commission has continued to study district court and appellate sentencing decisions and to "modify its Guidelines in light of what it learns." <u>Booker</u>, 125 S. Ct. at 766-67 (the Sentencing Commission will continue "collecting information about actual district court sentencing decisions . . . and revising the Guidelines accordingly").

13. The Guidelines themselves are designed to calculate sentences in a way that implements the considerations relevant to sentencing as articulated in Section 3553(a). Any

Guidelines calculation is based on the individual characteristics of the offense and the offender, as required by Section 3553(a)(1). The Guidelines themselves thus seek to implement – in a fair and uniform way – the offense specific characteristics that, themselves, comprise the "individualized assessment" the Supreme Court commends in <u>Gall</u>. <u>See Gall</u>, at * 7.

14. In this case, the defendant engaged in very serious criminal conduct when he actively pursued a sexual relationship with a 14 year-old child. Indeed, as discussed in the agreed-upon proffer of evidence, when Detective Palchak asked the defendant if he would use condoms because she did not want "to get into any trouble," the defendant responded, "sure! I got everything". Especially troubling is that, during the post-arrest search of the car driven by the defendant, law enforcement officials recovered, among other things, two pairs of handcuffs inside the same bag containing several condoms and two dildos.

15. Despite the seriousness of the defendant's conduct in this case, however, the government recognizes that the defendant accepted early responsibility for his actions; has no noted criminal history; has apparently demonstrated a strong desire to pursue treatment to prevent him from engaging in such criminal actions in the future; provided useful information to the government, which government counsel will discuss in further detail at the sentencing hearing; and voiced a commitment to make the necessary efforts to maintain a stable and productive life in the community. <u>See</u> PSR ¶ 15; Statement of Wei Chin, dated July 12, 2008, at pages 10-12; and Psychological Evaluation of Wei Chin to Aid in Sentencing, dated July 3, 2008, at pages 8-9.

16. Accordingly, although the government believes that a period of incarceration is necessary and appropriate to reflect the seriousness of this offense involving the defendant's interstate travel to engage in illicit sexual conduct with a 14 year-old child, and to deter others

who would attempt to engage in similar conduct, the government believes that the term of such incarceration should be limited to the low end of the applicable guideline range for the reasons set forth above in paragraph 15.

17.  In addition to this period of incarceration, the government further recommends that, to help ensure the safety of the community while on supervised release, the Court impose the special conditions set forth in paragraph 65 of the Presentence Investigation Report, to include a "restriction on direct, or indirect, contact with children, age 18 or younger" and a restriction on "loitering in any place where children congregate, including but not limited to residences, arcades, parks, playgrounds, and schools."

## Conclusion

WHEREFORE, based upon the above, and the information reflected in the Presentence Report, the United States recommends that the Court impose a 46 month term of imprisonment – which is at the low end of the applicable guideline range. In addition, the government recommends that the Court impose the special conditions of supervised release set forth in paragraph 65 of the Presentence Investigation Report to help ensure the safety of the community upon the defendant's release following such incarceration.

Respectfully,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


By:  _____/s/_____
OPHER SHWEIKI
ASSISTANT UNITED STATES ATTORNEY
D.C. Bar Number 458776
United States Attorney's Office
555 Fourth Street, N.W., Room 4233
Washington, D.C. 20530
Phone: (202) 514-8822
Opher.Shweiki@usdoj.gov