UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEI CHIN,<br><br>                Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | Criminal Action No. 8-124 (JMC) |

**MEMORANDUM OPINION**

Petitioner Wei Chin files a motion to compel production of exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), challenging the judgment of conviction entered in *United States v. Chin*, Case No. 08-cr-124. ECF 95. The Court construes this motion as a petition for writ of habeas corpus under 28 U.S.C. § 2255—Chin's fourth such petition—and **DISMISSES** it for lack of subject matter jurisdiction.

In 2008, Chin pled guilty to violating 18 U.S.C. § 2423(b). ECF 10. A year later, Chin petitioned for habeas relief under § 2255, seeking to have his sentence vacated or set aside. ECF 29 at 13. The Court (Kennedy, J.) denied that petition. ECF 68. In 2022, Chin filed another habeas petition under § 2255. ECF 79; ECF 81. The Court (Cobb, J.) again denied the petition, explaining that parties who want to file a second or successive habeas petition in a district court must move the court of appeals to authorize the district court to consider the petition. ECF 82 (citing 28 U.S.C. § 2244(b)(3)(A)); ECF 83. Without such authorization, this Court explained, the district court lacks subject matter jurisdiction to consider the habeas petition. ECF 82 (citing *Burton v. Stewart*, 549 U.S. 147, 149 (2007)).

1

In 2023, Chin filed his third habeas petition. ECF 85. The Court again denied the petition for lack of subject matter jurisdiction because Chin did not move the court of appeals to authorize the district court to consider the petition. ECF 86; ECF 87. Chin appealed that decision to the D.C. Circuit. ECF 89; *see* Case No. 23-3135. The D.C. Circuit, on its own motion, referred the case to the district court to determine in the first instance whether a certificate of appealability was warranted. ECF 91. The district court declined to issue a certificate of appealability. ECF 92. The Circuit affirmed, and simultaneously denied Chin's subsequent motion(s) to recuse, to change venue, and for leave to file a second or successive § 2255 motion. ECF 94.

Chin now files a "motion to compel production of exculpatory evidence," arguing that the government withheld material evidence in his 2008 criminal case in violation of *Brady*. ECF 95 at 2. He requests various relief, including that the Court vacate his conviction. *Id.* at 10. The Court therefore construes this motion as Chin's fourth habeas petition under § 2255. But, once again, Chin did not move the court of appeals to allow him to file this petition. Because Chin has filed a second or successive habeas petition without obtaining the appropriate authorization from the court of appeals, this Court lacks subject matter jurisdiction over this petition. Chin's petition is thus dismissed.

**SO ORDERED.**

JIA M. COBB
United States District Judge

Date: April 7, 2025